UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lev Malkovich,

       Plaintiff,

v.                                              ORDER
                                                Civil No. 04-4821

Best Buy Enterprise Services, Inc.,
And/or Best Buy Stores, L.P.,

       Defendant.

_____

       Chad Wm. Schulze, Milavetz, Gallop & Milavetz, on his own behalf.

       Charles O. Lentz, Robins, Kaplan, Miller & Ciresi, L.L.P., for and on behalf of Defendant.

_____

       This matter is before the Court upon movant, Chad Wm. Schulze's motion to quash the subpoena that requires Schulze to testify at the May 31, 2006 hearing on Defendant's motion to enforce settlement, and to produce documents relating to his communications with Plaintiff regarding settlement.

       Schulze moves the Court to quash the subpoena on the basis that complying with said subpoena would result in disclosure of attorney-client privileged communications, the subpoena is not specific enough, and that Schulze has a prior commitment on May 31, 2006.

Defendant responds that the subpoena was issued after Plaintiff filed his opposition to Defendant's motion to enforce settlement. In support of his opposition brief, Plaintiff submitted an affidavit in which he describes his conversations with Schulze about settlement. An exhibit to this affidavit is a copy of a letter sent to Plaintiff by Schulze in which he states that Plaintiff reneged on his agreement to settle the case.

By submitting the affidavit and accompanying exhibits, Plaintiff has waived the attorney-client privilege with respect to the attempt to settle this case. See, United States v. Workman, 138 F.3d 1261, 1263 (8th Cir. 1998)(citations omitted)(voluntary disclosure of attorney-client communications expressly waives the privilege). As the subpoena requests testimony and documents concerning only the attempt to settle the case, the subpoena is sufficiently specific. The Court further finds that Schultz was given sufficient notice of the May 31, 2006 hearing to avoid any scheduling conflicts.

Accordingly, IT IS HEREBY ORDERED that the Motion to Quash Subpoena [Docket No. 49] is DENIED.

Date: May 22, 2006

s / Michael J. Davis

Michael J. Davis
United States District Court