UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

**Lev Malkovich,**

       **Plaintiff,**

**v.**                                           FINDINGS OF FACT, CONCLUSIONS
                                                 OF LAW & ORDER

**Best Buy Enterprise Services, Inc.,**
**and**
**Best Buy Stores, L.P.**

       **Defendant.**                **Case No. 04-CV-4821 MJD/AJB**

_____

Boris Parker, Saliterman & Siefferman, PC, Counsel for Plaintiff.

Charles O. Lentz, Robins Kaplan Miller & Ciresi, LLP, Counsel for Defendant.

_____

## I.   INTRODUCTION

This matter is before the Court upon Defendant's Motion to Enforce Settlement Agreement. [Docket No. 31.] The Court heard oral arguments and testimony on Wednesday, May 31, 2006.

## II.   FINDINGS OF FACT

Based upon the file, record and proceedings herein, the arguments of counsel and being fully advised, the Court makes the following findings of fact.

1

1.  Chad William Schulze was told by his client, Lev Malkovich, on January 4, 2006, to settle the above-captioned matter for $8,000.  Specifically, Malkovich told Schulze that a settlement which resulted in $5,000 in Malkovich's pocket was authorized.

2.  Schulze, acting on the direction of Malkovich, contacted Defendant's counsel to propose a settlement of $8,000 on January 5, 2006.  Later that afternoon, Defendant's counsel accepted Malkovich's proposal to settle this matter for payment of $8,000 and the execution of a general release.  Defendant's counsel confirmed a settlement of $8,000 by a fax letter on that same day.

**III.   CONCLUSIONS OF LAW**

1.  Once a settlement agreement has been reached, "the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given.  This is a heavy burden." Harris v. Ark. State Highway & Transp. Depart., No. 05-2005, 2006 WL 305513, at *1 (8th Cir. Feb. 10, 2006).

2.  The Eighth Circuit has stated that a settlement agreement is enforceable when an attorney has been given express authority to enter into it. Id. at *2 (citations omitted).

3. Express authority "can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account."  Id.

4. Arguments addressing the adequacy of an attorney's legal representation are "irrelevant" to the determination of whether the party gave express authority to his attorney to enter into a settlement agreement.  Id.

5. Malkovich has not met his burden of establishing that he did not give Schulze express authority to enter into a settlement with Defendant for $8,000.

6. Schulze's testimony that Malkovich stated that a settlement which resulted in $5,000 in Malkovich's pocket was a clear grant of authority to negotiate a settlement for $8,000 which would result in a net settlement to Malkovich of $5,000.

7. Schulze's testimony is corroborated by the documentary evidence in this case.  Specifically, Schulze's handwritten notes from the January 4, 2006 meeting with Malkovich reveal that the parties discussed a proposed settlement of $8,000.  As was his practice, Schulze circled the $8,000 amount as a sign that he was authorized to offer that amount.

8. The affidavit submitted by Malkovich, does not refute Schulze's testimony sufficiently to carry his "heavy" burden in establishing that Schulze acted without authority when entering into the settlement with Defendant.

9. In exchange for the $8,000 payment, Malkovich agreed to release all claims against Best Buy and to have this matter dismissed with prejudice.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Enforce Settlement Agreement [Docket No. 31] is **GRANTED**.
2. Plaintiff's Complaint is dismissed with prejudice.
3. Defendant is ordered to pay $8,000 to Plaintiff upon Plaintiff delivering to Defendant the executed General Release attached to this Order.

Dated: June 2, 2006         s / Michael J. Davis
                            Judge Michael J. Davis
                            United States District Court